IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. MACIEL,

    Plaintiff,                    No. CIV S-02-0144 DFL JFM P

    vs.

V. SANCHEZ, et al.,

    Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 12, 2004, the district court entered an order adopting this court's January 9, 2004 findings and recommendations and dismissing this action without prejudice due to plaintiff's failure to file a second amended complaint. Judgment was entered on the same day. On March 5, 2004, plaintiff filed a motion for reconsideration of the February 12, 2004 order and a motion for leave to file an additional exhibit in support of the motion. On March 16, 2004, this court issued an order and findings and recommendations granting plaintiff's motion for leave to file an additional exhibit, construing plaintiff's motion for reconsideration as a Rule 60(b) motion and recommending denial of said motion.

        On April 5, 2004, plaintiff filed a proposed second amended complaint. On March 21, 2005, the district court adopted in full the March 16, 2004 findings and

1

recommendations and referred the matter back to the undersigned for findings on whether the second amended complaint contains any cognizable claim for relief.

In accordance with the requirements of section 1915A of Title 28 of the United States Code, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity and to dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a), (b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names thirty-four defendants in his second amended complaint.  As with the complaints previously filed in this action, the second amended complaint consists of a long

narrative of events, dating back to March 1999, which plaintiff contends illustrates defendants' interference with his constitutional right to access the courts. In this court's August 21, 2003 order, plaintiff was advised that in order to state a cognizable claim for relief he would be required to allege facts which show that defendants, by their acts or omissions, caused "actual injury" to his right of court access, i.e., that defendants caused plaintiff to lose or prevented him from bringing a non-frivolous civil rights or habeas corpus action. See Lewis v. Casey, 518 U.S.343, 351, 353 (1996). Once again, although plaintiff's second amended complaint is replete with examples of alleged delays and frustrations in his attempt to obtain access to his stored legal material, the allegations do not demonstrate that those delays caused "actual injury" to plaintiff's right of court access.

For the foregoing reasons, this court finds that plaintiff's second amended complaint does not state any cognizable claim for relief in this § 1983 action. This court further finds that plaintiff has previously been advised of the defects in his pleadings and has failed to cure those defects despite two opportunities to do so. The court therefore finds that further amendment would not result in presentation of a cognizable claim in this action. Accordingly, the action should not be reopened.

In accordance with the above, IT IS HEREBY RECOMMENDED that the district court find that plaintiff's proposed second amended complaint contains no cognizable claim for relief under 42 U.S.C. § 1983 and that this action remain closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. No extensions of time will be granted. Plaintiff is advised that failure

/////

/////

/////

1  to file objections within the specified time may waive the right to appeal the District Court's
2  order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: September 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
maci0144.2am

4